Good morning. Since the government, with respect to the suppression issue, since the government has claimed that USA v. Terry Crespo should decide the outcome of this case, I'd like just to take a few minutes and explain why I think the cases are distinguishable. In Terry Crespo, there was a 911 caller as well, called within three minutes of being assaulted with a gun, identified himself. He provided a specific location and a very specific description of the suspect's clothing, as well as gun information. The police arrived within 30 seconds, drew their guns, and arrested him. The court in Terry Crespo distinguished that 911 call from a call concerning general criminality, and I think that's what we're presented with in this case, which involved Arvin's 911 call in which she said she complained of trespass. She couldn't get Mr. Torres out of her apartment. Gun possession and drug dealing. He never threatened her. She said he never threatened her with a gun. Well, that day, he had threatened her in the past. Well, she didn't say with a gun. She did say he threatened her in the past, but we don't know when that was. When the police determined that Mr. Moran Torres, who matched the general description that Ms. Arvin gave you, you agree that he matched generally that description? Yeah, with respect to age and ethnicity. And he went by the name of Cuba? Correct. And he was headed to her apartment. He said it was the exact same apartment, did he not? 203, I think it was? Right. And wouldn't that provide a reasonable suspicion that he was the armed drug dealer that she was talking about? Well, I think it gave rise to a suspicion. Was it sufficient to automatically frisk him after accosting him in the stairwell and questioning him? I think that it required observations raising suspicion of past criminality do not give rise to an immediate necessity of action on the police, but require further investigation. It seems like the Terry Crispo case, though, required even less than this, and it was found to be reasonable suspicion. Well, that case involved an immediate gun assault. That person complained about having a gun pointed at him. He was able to describe exactly the clothing of the suspect. So I think this case is kind of dealing with general criminality. I mean, she wanted him out of her apartment. He was a problem. She was upset. Well, she said he was a drug dealer, didn't she? Right. The police did go to 203. They did investigate. They found nothing to substantiate the claims when they went to 203. But when they came down the stairs, your client is coming up the stairs. They asked him for his name. He said his name was Cuba. He met the description. The officers also testified that there are quite a few Cuban people in Seattle and that it's not infrequent to run into them. And, in fact, it's not infrequent that they're nicknamed Cuba. So, you know, you have a situation where they testified to that. They're coming onto the scene knowing that, you know, you can run into a Cuban individual in Seattle at any time. Well, she didn't say he's Cuban. She said his nickname and the name he goes by is Cuba. Right. I think she did say it. Actually, I do think she did say he was Cuban. Maybe that came out at the suppression hearing. Let's talk about the 404B issue a little bit. I have some questions. I wanted to get to that as well. And with respect to the 403 issue, let's just assume for purposes of argument that the challenge evidence and the evidence is threatening women for sex. It's not about exchanging sex for drugs in a consensual way. It's threatening them with violence. Assuming the challenge evidence was admissible under 404B, assuming it was relevant, I think it was dissimilar enough that it shouldn't be admitted under 404B. But let's just assume for a moment that it was admissible under 404B. Then I think the court really abused its discretion by not excluding it under 403. It's plain error review, isn't it? I don't think so, because it was definitely addressed by the court. No, but did somebody object? Yes, somebody did object, and there was a discussion on the first day of trial. Colleen Torres objected to this evidence? Yes, yes, he did. In fact, the court acknowledged his objection within the context of 404B and 403. Well, no, he made a general objection. He didn't object on the basis of 404B or 403. He never made that objection, did he? I can address that question in the record here. On the first day of trial, the court asked the prosecutor specifically about this evidence, the 404B evidence. And then the court listed, this is on page 8 of the reply brief, and it's on page, that's the government's supplemental excerpts at pages 2 to 4. And in the court's listing of all the evidence that the government sought to introduce, the court says, his practice of showing the gun to women after delivering crack cocaine to induce them to pay with sex and to threaten women who refused to give sex in return for crack cocaine. So he characterizes at least that part of the challenged evidence. So Marin Torres objected to the introduction, and immediately after that, the court asked Marin Torres what his objection is. And Marin Torres says, there's a rule 400-something, I mean, under the circumstance. He refers to the rules without being able to specify the exact number. And then the court goes on to explain or acknowledge his objection by absolutely referring to 404B and 403 in his comments. So I think the fact that the court actually understood his objection to be a reference to 404B and 403, I think that he raised the issue. I mean, he was representing himself. That was pretty good, actually. Having done that. So you're saying by the fact that the defendant said 400, just generally that's sufficient to preserve his objection? And he needed to do nothing more? Yes. Because of how the court responded, I would say yes to that question. Because the court understood what he was saying, he said 400, and responded. But the trial court's not supposed to be his lawyer. I mean, I know the trial court has to do its job, but it's not to be his lawyer. And I don't know if that's what you're seeking is for some sort of decision where the trial court would be the one to make and preserve the objections for the defendant. Well, I think by the court's discussion, I think that the fact that the court addressed it as such, I think it was raised. And even under plain error, I would like to point out that the court used the wrong standard when it analyzed the 403 issue. And I think that's the real problem here. The court admitted that the challenged evidence was prejudicial. And then, rather than going to the next step, which is weighing the probative value versus the prejudicial value of the evidence, the court did a relevance, Rule 401 relevance analysis. And the Supreme Court has specifically distinguished the Rule 401 relevance question from the weighing question, the weighing the probative value of evidence under Rule 403. Well, I'm not sure that I agree with you on the court used the wrong standard. I think he used the term relevance because the defense counsel in his motion for mistrial had maybe used that term relevance. But in your briefs, you go to great lengths to explain why this evidence you object to was unnecessary to establish that Mr. Torres or Martin Torres was dealing drugs because of the extensive evidence against him on this point. But does that also indicate that the admission was harmless error? Well, I think when you introduce sex and violent sexual abuse into any trial, you're creating such a red flag that I think it taints the entire trial. I think it's hard for a jury, notwithstanding admonishment or instruction, to erase that from their mind. And I think that's the key here. I mean, that introduced a level of prejudice that went way above what was at issue at trial. There are no more questions? I'll reserve, hopefully, a couple of minutes. We'll give you a minute on your phone. May it please the Court. My name is Darwin Roberts. I'm an assistant U.S. attorney here in Seattle, and I represent the United States in this appeal. The district court's decisions as to both the motion to suppress and the admission of the challenged 404 or 403 evidence were correct and should be affirmed. I do maintain that as to the 404 or 403 evidence that the defendant did not make a proper objection and that the standard of review should be plain error. That's a pretty tough standard to impose on a criminal defendant representing himself, isn't it? It is a somewhat tough standard, Your Honor, but Mr. Marin-Torres did have standby counsel made available to him by the court. I think if you look at the record overall, Judge Lasnik was actually extremely solicitous of Mr. Marin-Torres' rights during this trial and, in fact, went to great lengths to ensure that he received a fair one. Is there any doubt that Judge Lasnik knew what the objection was? When Judge Lasnik referred back to this objection at the point when Mr. Marin-Torres' standby counsel was allowed to make a motion for mistrial later on by Mr. Marin-Torres at the close of the government's case, Judge Lasnik referred to the objection as a general objection by Mr. Marin-Torres. And I think if you look at the text around the statement that was cited by Mr. Marin-Torres' counsel at about SCR 4 through 6, you'll see what he's making is an objection to the reliability of the witness's testimony. He says they're using alcohol, they're using drugs, there was no contemporaneous police report of these things that they claim happened, so they shouldn't be believed. And that's the reason Judge Lasnik construed it as a general sort of reliability objection as opposed to a specific 404 or 403. So if a fully licensed member of the bar hears testimony like this and stands up and says, I object on the basis of Rule 409, and the trial judge says, do you mean 403 or 404B? Oh, yes, Your Honor, I'm sorry, I cited the wrong number. I think it's probably a case-specific inquiry, Your Honor. Regardless, I do think that even if the Court determines that the objection was made, I think under the abuse of discretion standard, the government still prevails because I think the evidence was properly admitted under the controlling law of the Court. Let me ask you, the sexual aspect of these prior transactions, I mean, they are prejudicial. Are they not? I would agree they could be construed that way. And I guess, are they specifically probative to the charges at issue here, and if so, how? I would say they're directly relevant to the charges for several reasons. First of all, with due respect to counsel, I don't think he accurately characterizes the evidence regarding the incident with the woman, which he characterizes as sexual violence. There was not an incident that was testified to and was admitted into evidence, and if we're talking about the evidence that was actually heard by the jury, there is no evidence of Mr. Marin Torres using a gun to extort sex from someone. The incident that is particularly challenged by the defense here is this incident where there was an agreed transaction for him to trade sex for crack cocaine. Essentially, the deal goes bad, and the customer doesn't agree to pay Mr. Marin Torres in this regard. He won't let her leave. By sex. By sex, yes, Your Honor. And he won't let her leave the apartment. She becomes agitated. She threatens to either jump out the window or stab him if he won't let her leave. And in response, he pulls out the gun to show her she shouldn't threaten him. The government's argument is that goes directly to the elements of the carrying a firearm in furtherance of a drug trafficking crime charge because it shows that he's carrying the gun to protect himself from his customers in the course of dangerous drug transactions, and he's carrying the gun to enforce the terms of the drug sales that he's making. And he's possessing the cocaine for purposes of distribution to willing and unwilling sex partners. Yes, Your Honor, although I would emphasize again, there is no evidence of any unwilling sex partner who would be forced to actually complete a sexual act, and that's one of the reasons why the evidence is not so prejudicial or so inflammatory that it should have been excluded by the court under 403. That was repeated a number of times by both Ms. Arvin and her boyfriend? Mr. Dugas. No. Yes, it was repeated, but I don't think it was done in such a way as to inflame the jury. And, in fact, I think there was a fairly restrained approach to it. I mean, Ms. Arvin, the government did not solicit it in a prurient manner at all. Ms. Arvin, in fact, was hesitant to describe it in as graphic terms as she eventually described it. And you'll see there's that quote at which the district court instructs her to stop recharacterizing what happened in her own words, because it felt like it wasn't accurate enough testimony. In response to the district court saying, tell us what he said, she finally says, excuse me, the I'll blow your brains out line. But other than that, which the court specifically asked the witness to do, it was not overemphasized by the government. It was not brought up in the opening statement. It was referred to only minimally in the closing argument, and it was not dwelt on more than necessary. Can you tell us where in the record there's any indication that Judge Lassnick actually weighed the prejudicial effect of this sex testimony as against the probative value? Well, I think the pages of the supplemental excerpts of record, 4 to 6, where this colloquy occurs, is where the judge, Judge Lassnick, actually does the weighing. It's true that he doesn't go into perhaps as full an analysis on the record at that particular point as he could have. But I think it's clear from the overall context, particularly the fact that he excludes the 911 call as unduly prejudicial under Rule 403 immediately before turning to this evidence, that he's attentive to these issues, and that he is, in fact, making this call. And when he brings it up, he notes the issues. He essentially flags this and says, here are the issues. The government wants to bring in this evidence. He asks Mr. Marin Torres' standby counsel if Mr. Marin Torres' standby counsel is available to argue this, and the standby counsel says, no, Mr. Marin Torres will not allow me to do that. And the 911 call eventually came in, though, didn't it? It did. At the defendant's request? Right. Mr. Marin Torres argued to the jury that the government was preventing the jury from hearing the 911 call, and in response, Judge Lassnick allowed the jury to hear the call. Unless the Court has further questions, I'd just sum up by again saying Judge Lassnick went to great lengths, I think, to try to ensure a fair trial for Mr. Marin Torres in this case, and I'd respectfully request that the Court affirm the trial court's decisions. Thank you. Thank you. Mr. Braden? Yes. Do you have a minute? I'd like to address briefly counsel's allegation that there's no evidence in the record that he threatened anybody with a gun. My excerpts of record, volume 2, page 167, they went into the bathroom. She did not want to perform the acts. He wanted her to perform. She came out of the bathroom. She wanted to leave, and he threatened her with his gun. The word threatened is used about four or five times in those pages. So, in fact, there is evidence of that. And then I just want to emphasize the Court's misapplication of the weighing analysis required under 403. Twice the Court said, twice, he said, I understand the position the first day of trial after Marin Torres objects under Rule 400-something. The Court says, I understand the position of the parties, and I do believe that this evidence is admissible through these witnesses. They do relate to the elements that the government must prove, including knowing possession of drugs to distribute, and that the gun was used in the crime of distributing the drugs. That is a relevance argument. Why isn't it weighing probative value? They do relate to the elements. Well, it's not. The probative value analysis, in my understanding, has to take into account evidentiary alternatives. Now, the government had evidentiary alternatives here. I mean, there was no question he was dealing drugs, that he knew he was dealing drugs. And yet the Court did not do that analysis, did not weigh those alternatives. And then again, the Court does the same thing after the mistrial motion, in response to the mistrial motion by standby counsel, says, I'm going to deny the motion while there is prejudice. That goes to the elements of the crime charge here. That's a relevance analysis, not a probative versus prejudicial value weighing analysis. That's why I think the Court abuses discretion in deciding the issue. Thank you. Thank you very much. Thank you, counsel.
judges: Hawkins, Bea, Murguia